**516**                          MATTER OF CRONK.

Surrogate's Court, New York County, December, 1919.   [Vol. 109.

Matter of the Estate of HENRY L. CRONK, Deceased.

(Surrogate's Court, New York County, December, 1919.)

**Trustees — testamentary — wills — trusts — next eventual estate — Code Civ. Pro. § 2689 — Real Property Law, § 63.**

Testator, who was survived by his widow, a sister and an infant daughter, then two years of age, devised all his residuary estate in trust for the benefit of his widow and daughter with proviso, that should his daughter die before coming of age, without leaving any lawful issue, all of the real estate should go to testator's sister forever. Since the death of the daughter, shortly after that of testator, payments by the executor and trustee of the income of the trust estate in the proportion directed by the will to the widow and the sister continued for a number of years and until, pursuant to a power of sale given the executors by the will, they sold the real estate, and from the proceeds paid the income to the widow and to testator's sister and, upon the death of the latter, her heirs claimed to be entitled to that portion of the income formerly paid to her. Upon an application under section 2689 of the Code of Civil Procedure for an order directing the trustee to pay to the heirs of the sister the portion of the income formerly paid to her, *held*, that at the death of the sister she was vested of a remainder in fee in the trust fund subject only to the trust for the widow.

The total rents and profits not having been totally disposed of by the will and there being no valid direction for their accumulation, the petitioners were entitled to the income not payable to the widow, as the persons who, under section 63 of the Real Property Law, were presumptively entitled to the next eventual estate.

APPLICATION under section 2689 of Code of Civil Procedure directing the trustee to pay to petitioners a portion of income in the hands of the trustee.

Charles Wesley, for petitioners.

Cornelius Doremus, for trustee.

COHALAN, S. This is an application under section 2689 of the Code of Civil Procedure for an order directing the trustee to pay to the petitioners a portion of the income now in the hands of the trustee.

The testator's will was admitted to probate in January, 1881. The petitioners make claim under paragraph 4 of the will, which reads as follows:

"*Fourth:* I give and devise all my real estate wheresoever the same may be situated which I shall be seized of at the time of my decease to my executors and to the survivor of them to hold the same in trust, to let and rent the same and collect the rents and profits thereof and pay thereout the taxes upon said real estate and the cost of keeping the same insured against loss or damage by fire and the interest of any mortgages there may be thereon and to divide the balance of said rents and profits into three equal parts and to pay and apply one of said parts to the use of my said wife for and during the term of her natural life and out of the remaining two equal parts to pay the cost of keeping the said real estate in good order, repair and any assessments which may be imposed or levied thereon for permanent improvements and to apply the balance of said two equal parts or so much thereof as may be necessary to the support, education and maintenance of my daughter Phebe Ann during her minority or until the death of my said wife in case she shall die during the minority of my said daughter and to accumulate any residue that may remain of said two equal parts for my said daughter, and to pay the same to her upon arriving at the age of twenty-one years, and in case my said wife shall be living when my said

daughter shall arrive at the age of twenty-one years, then upon the further trust to pay and apply the whole of the said balance of the said two equal parts to the use of my said daughter during the residue of the lifetime of my said wife and upon and immediately after the death of my said wife, I give all the said real estate to my said daughter forever. Provided however that in case my said daughter shall die before arriving at the age of twenty-one years without leaving any lawful issue, then and in that case, I give and devise the said real estate to my sister Sarah Y. Cronk forever.''

The testator left him surviving his widow and his daughter. The daughter, who was an infant of two years of age, died on March 4, 1881, shortly after the death of testator. The executors and trustees since the death of the daughter paid the income in the proportion named in the will to the widow and the sister of testator. These payments continued for a number of years when the executors pursuant to the power of sale given them in the will sold the real estate. Thereafter the income from the proceeds of the sale was paid as before to the widow and testator's sister. In March, 1919, the sister of the testator died, intestate, whereupon her heirs claimed to be entitled to that portion of the income formerly paid to Miss Cronk. The trustee, however, questioned the rights of the heirs and refused to pay over the income, and the petitioners, who are some of the heirs of Sarah Y. Cronk, have brought this proceeding.

The trustee is in doubt as to his power and authority under the will to distribute and pay over to the petitioners the portion of income heretofore paid to Sarah Y. Cronk. He refers to the sale of the real estate and the present investment of the proceeds in bonds and mortgages. He claims therefore that the income formerly paid to Sarah Y. Cronk should be accumu-

lated by him during the life of the widow so as to provide, in the future, for any contingency which might happen which would force him to reinvest the trust estate in real estate upon the possible foreclosure of the mortgages held by him as trustee.    This position is untenable.

It seems clear that at the death of Sarah Y. Cronk she was vested of a remainder in fee in the trust fund subject only to the trust for the widow.    Under the will of testator the total rents and profits are not totally disposed of, nor is there a valid direction for their accumulation.    Consequently the petitioners, who are the heirs of Sarah Y. Cronk, are entitled to the income not payable to the widow, as the persons who are presumptively entitled to the next eventual estate. Real Prop. Law, § 63.

Application granted.